**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FIRST SPECIALTY INSURANCE**
**CORPORATION,**

    **Plaintiff**

**v.**

**WARD NORTH AMERICA HOLDING,**
**INC. d/b/a WARD NORTH AMERICA,**
**INC.,**

**and**                                                             Case No. 04-2359-JWL

**CERTAIN UNDERWRITERS AT LLOYD'S,**
**LONDON, a.k.a. UNDERWRITERS AT**
**LLOYD'S, a.k.a. LLOYD'S**

**and**

**ST. PAUL TRAVELERS SYNDICATE**
**MANAGEMENT, LTD., f/k/a ST. PAUL'S**
**SYNDICATE MANAGEMENT, LTD.**

**and**

**ELLISTON, LLC,**

    **Defendants.**

## MEMORANDUM AND ORDER

This case involves a commercial insurance claim mistakenly paid by the plaintiff insurance company, First Specialty Insurance Corporation ("First Specialty"). It brings this action against four defendant companies for alleged wrongs arising out of First Specialty's mistaken payment. This matter comes before the court on a Fed. R. Civ. Pro 12(b)(6) motion to dismiss for failure to state a claim by defendant, Elliston, LLC ("Elliston"). For the reasons

explained below, Elliston's motion to dismiss is granted because First Specialty has failed to state a claim as a matter of law.

## **Standard of Review**

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez,* 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v.. Gibson,* 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v.. Sorema N.A.,* 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

Here, the court has considered a few documents submitted by defendants that plaintiffs have referenced in their complaint. The court, however, does not convert the applicable motions into ones for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997) (stating that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

**Analysis**

**I.      First Specialty Cannot Assert a Bad Faith Claim Against Elliston**

Whether asserted as a claim of good faith and fair dealing or as a claim of a fiduciary duty, First Specialty's claim against Elliston fails as a matter of law. As First Specialty admits in its brief, the sole claim in this case against Elliston is for bad faith, and "Plaintiff agrees that a bad faith claim is a contractual claim based on a breach of good faith and fair dealing." The lack of any contract between First Specialty and Elliston is fatal to its bad faith claim as a matter of law.

**A.      Duty of Good Faith and Fair Dealing**

First Specialty asserts the breach of the duty of good faith and fair dealing against Elliston without asserting any contractual relationship with Elliston. The claim for bad faith in denying an insurance claim "is best understood as one that sounds in contract." *Pickett v. Lloyd's*, 621 A.2d 445, 452 (N. J. 1993).[1] In other words, because the duty of good faith and fair dealing is contractual, "implicit in the discussion of a bad faith breach of contract action is the necessity of a contract." *Aves By and Through Aves v. Shah*, 906 P.2d 642, 648 (Kan. 1995). New Jersey courts follow this long-established rule. *See, e.g., Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Center Associates,* 864 A.2d 387, 396 (N. J. 2005) ("The party claiming a breach of the covenant of good faith and fair dealing 'must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has

---

[1] Both parties agree that because the insurance contract surrounding the dispute was delivered in New Jersey, the law of New Jersey governs this dispute. *See Layne Christensen Co. v. Zurich Canada*, 30 Kan. App. 2d 128, 142 (2002).

engaged in some conduct that denied the benefit of the bargain originally intended by the parties.'"); *Morrison v. American Intern. Ins. Co. of America*, - - - A.2d - - -, 2005 WL 3337949, *7 (N. J. Super., December 9, 2005) (same).

Thus, by not alleging "any contract from which a duty of good faith could arise, the plaintiff has failed to state a claim upon which relief can be granted. . . ." *Wolverton v. Bullock*, 35 F. Supp. 2d 1278, 1281 (D. Kan. 1998) (collecting numerous cases). *Accord Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co.*, 586 S.E.2d 586, 588 (S. C. 2003) ("[T]his duty of good faith arising under the contract does not extend to a person who is not a party to the insurance contract. Thus, no bad faith claim can be brought against an independent adjuster or independent adjusting company.").

**B.     Fiduciary Duty**

In the realm of insurance, the duty to defend "is solely a contractual undertaking made in the insurance policy.'" *Grand Cove II Condominium Ass'n, Inc. v. Ginsberg*, 676 A.2d 1123, 1130 (N. J. Super. 1996). The New Jersey Supreme Court differentiates between a "first-party" suit and a "third-party" suit. *Pickett v. Lloyd's*, 621 A.2d 445 (N. J. 1993). A "first-party suit" is "a suit by an insured against his insurance company because of its failure to settle his claim. . . ." *Id*. at 450. First Specialty cites to numerous cases recognizing a so-called "special relationship" in cases involving a "first-party" suit. It cannot rely on those cases, however, because First Specialty is not the insured in this case, and even more damaging to its claim, Elliston is not the insurer. The parties are completely attenuated, and accordingly, First Specialty cannot assert any breach of fiduciary duty. Like the claim for good

faith and fair dealing, the claim for breach of a fiduciary entirely turns upon a contract between the parties.  *Pickett v. Lloyd's*, 621 A.2d 445, 452 (N. J. 1993).  With no contract, First Specialty has no claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Elliston's motion to dismiss (doc. 104) is granted.

**IT IS SO ORDERED** this 15th day of December, 2005.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge